**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50372 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04965-DMS |
| v. | |
| WILMER ALEXIS ERAZO HERNANDEZ, a.k.a. Lacra, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Wilmer Alexis Erazo Hernandez appeals from the district court's judgment

and challenges the 151-month sentence imposed following his guilty-plea

conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez contends that the district court procedurally erred by improperly combining a downward variance based on the 18 U.S.C. § 3553(a) factors with a reduction based on then-proposed Amendment 782 to the Sentencing Guidelines. The district court did not err. Contrary to Hernandez's contention, the court correctly calculated the Guidelines range as 188 to 235 months using the Guidelines Manual in effect at the time of sentencing. *See* U.S.S.G. § 1B1.11(a); *United States v. Ruiz-Apolonio*, 657 F.3d 907, 916 n.7 (9th Cir. 2011). Moreover, the district court considered the proposed amendment and made clear its intent to vary downward from the applicable range by a total of two levels because it considered a 151-month sentence to be sufficient, but not greater than necessary, to account for the section 3553(a) factors, including the proposed amended range. We review the extent of this variance only for reasonableness. *See United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006). The 151-month, below-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the section 3553(a) factors, including the nature and circumstances of the offense. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

14-50372